UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ALLEN JESKE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>EDWARD BORLA,<br><br>　　　　Respondent. | Case No.: 1:25-cv-00994-JLT-SKO (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS [Doc. 15]<br><br>[21-DAY OBJECTION PERIOD] |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his petition in the United States District Court for the Northern District of California on May 9, 2025.[1] (Doc. 1.) On August 11, 2025, the matter was transferred to the Eastern District and received in this Court. (Doc. 6.) On October 10, 2025, Respondent filed a motion to dismiss the petition as untimely. (Doc. 15.) On October 22, 2025, Petitioner filed a traverse. (Doc. 17.) Upon review of the pleadings, the Court finds that the petition violates the statute of limitations.

---

[1] Although the petition was filed on May 16, 2025, the proof of service was dated May 9, 2025. Pursuant to the mailbox rule, a pro se habeas petition is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276 (1988). Therefore, under the mailbox rule, the Court deems the petition filed on May 9, 2025, the date Petitioner presumably handed his petition to prison authorities for mailing.

1

The Court will therefore recommend that Respondent's motion to dismiss be granted and the petition be dismissed with prejudice.

**DISCUSSION**

I.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Thus, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.   Limitations Period for Filing Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on May 9, 2025, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the Supreme Court denied Petitioner's petition for review on July 14, 2021. (Doc. 14-4.) Therefore, direct review concluded 150 days later on December 11, 2021. Supreme Court Order List 589 and 594. The statute

of limitations commenced on the following day, December 12, 2021, and expired one year later on December 11, 2022.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent applicable tolling, the last day to file a federal habeas petition was December 11, 2022.  Here, Petitioner did not file his federal petition until May 9, 2025, which was approximately 2 years and 5 months beyond the deadline.

      A.     Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court.  Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008) (*per curiam*); see Evans v. Chavis,  546 U.S. 189, 193-194 (2006); Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

In this case, Petitioner filed[2] five collateral petitions in the state courts as follows:

First Petition
Tulare County Superior Court;
Filed: January 15, 2023;
Denied: April 25, 2023;

Second Petition
California Court of Appeals, Fifth Appellate District;
Filed: May 9, 2023;
Denied: August 25, 2023;

Third Petition
Tulare County Superior Court;
Filed: October 31, 2024;
Denied: November 26, 2024;

Fourth Petition
California Court of Appeals, Fifth Appellate District;
Filed: February 2, 2025;
Denied: February 19, 2025;

---

[2] The filing dates reflect the dates of the proof of service, where provided, pursuant to the mailbox rule.

Fifth Petition
California Supreme Court;
Filed: March 1, 2025;
Denied: April 16, 2025.

(Docs. 14-5 to 14-14.)

Petitioner's first petition was not filed until after the limitations period had already expired. Therefore, the petitions could not operate to toll the limitations period. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (petition filed "after the AEDPA statute of limitations ended" did not save federal petition from being untimely). Therefore, all five petitions had no tolling consequences, and the federal petition remains untimely.

B. Equitable Tolling

Beyond statutory tolling, federal habeas petitioners may also be entitled to equitable tolling of the statute of limitations. Holland v. Florida, 560 U.S. 631, 645 (2010) (holding that "§ 2244(d) is subject to equitable tolling in appropriate cases"); Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir.), *cert. denied*, 133 S.Ct. 769 (2012). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Ford, 683 F.3d at 1237 (quoting Holland, 560 U.S. at 649) (internal quotation marks omitted).

Petitioner fails to show an extraordinary circumstance stood in his way and he has been pursuing his rights diligently. He should not be granted equitable tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitations period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file

written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **November 18, 2025**                    /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE