**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCUS ALLEN JESKE, | ) Case No.: 1:25-cv-00994-JLT-SKO (HC) |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS TO |
| v. | ) GRANT RESPONDENT'S MOTION TO DISMISS |
| | ) [Doc. 15] |
| EDWARD BORLA, | ) |
| Respondent. | ) [21-DAY OBJECTION PERIOD] |
| | ) |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his petition in the United States District Court for the Northern District of California on May 9, 2025.[1]  (Doc. 1.)  On August 11, 2025, the matter was transferred to the Eastern District and received in this Court. (Doc. 6.) On October 10, 2025, Respondent filed a motion to dismiss the petition as untimely.  (Doc. 15.)  On October 22, 2025, Petitioner filed a traverse.  (Doc. 17.)  On November 19, 2025, the Court issued a Findings and Recommendation to grant the motion to

---

[1] Although the petition was filed on May 16, 2025, the proof of service was dated May 9, 2025.  Pursuant to the mailbox rule, a pro se habeas petition is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 266, 276 (1988). Therefore, under the mailbox rule, the Court deems the petition filed on May 9, 2025, the date Petitioner presumably handed his petition to prison authorities for mailing.

1

dismiss. (Doc. 19.) On the same date, Petitioner filed a motion for sanctions contending he had not received Respondent's motion to dismiss. (Doc. 18.) Also on November 19, 2025, the Court directed Respondent to serve a copy of the motion to dismiss on Petitioner and granted Petitioner an opportunity to address Respondent's motion in objections. On December 12, 2025, Petitioner filed objections. (Doc. 22.) On January 6, 2026, Respondent filed a reply to the objections. (Doc. 23.) The Court advised the parties that it would issue supplemental Findings and Recommendations to grant or deny the motion to dismiss.

Upon review of the pleadings, the Court finds that the petition violates the statute of limitations.  The Court will therefore recommend that Respondent's motion to dismiss be granted and the petition be dismissed with prejudice.

**DISCUSSION**

I.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Thus, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Limitations Period for Filing Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus

2

filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on May 9, 2025, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In this case, the Supreme Court denied Petitioner's petition for review on July 14, 2021. (Doc. 14-4.) Therefore, direct review concluded 150 days later on December 11, 2021. See Supreme Court Order List 589 and 594. The statute of limitations commenced on the following day, December 12, 2021, and expired one year later on December 11, 2022.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent applicable tolling, the last day to file a federal habeas petition was December 11, 2022.  Here, Petitioner did not file his federal petition until May 9, 2025, which was approximately 2 years and 5 months beyond the deadline.

A.      Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court.  Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008) (*per curiam*); see Evans v. Chavis,  546 U.S. 189, 193-194 (2006); Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

In this case, Petitioner filed[2] the following five collateral petitions in the state courts:

First Petition
Tulare County Superior Court;
Filed: January 15, 2023;

---

[2] The filing dates reflect the dates of the proof of service, where provided, pursuant to the mailbox rule.

Denied: April 25, 2023;

Second Petition
California Court of Appeals, Fifth Appellate District;
Filed: May 9, 2023;
Denied: August 25, 2023;

Third Petition
Tulare County Superior Court;
Filed: October 31, 2024;
Denied: November 26, 2024;

Fourth Petition
California Court of Appeals, Fifth Appellate District;
Filed: February 2, 2025;
Denied: February 19, 2025;

Fifth Petition
California Supreme Court;
Filed: March 1, 2025;
Denied: April 16, 2025.

(Docs. 14-5 to 14-14.)

Petitioner's first petition was not filed until after the limitations period had expired. Therefore, the petition could not operate to toll the limitations period. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (petition filed "after the AEDPA statute of limitations ended" did not save federal petition from being untimely). Accordingly, all five petitions had no tolling consequences, and the federal petition remains untimely.

In his objections, Petitioner alleges that his petition is timely for several reasons. He contends: 1) the AEDPA was tolled from the time his conviction became final through all state post-conviction challenges; 2) the state action prevented him from timely filing his federal petition; 3) actual innocence overrides any time bar. None of these reasons render the petition timely filed.

B.  Interval Tolling

Petitioner first contends the initial Findings and Recommendations miscalculated the AEDPA by failing to account for the time between Petitioner's conviction and the time he filed his first state post-conviction collateral challenge. He contends the AEDPA was tolled during this time period. Not so. The statute of limitations commenced on December 12, 2021, when Petitioner's conviction became final, and expired one year later on December 11, 2022. See 28 U.S.C. § 2241; Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

4

C.  State Action

Petitioner next, claims various state-created impediments should result in a later start date to the statute of limitations pursuant to § 2244(d)(1)(B). While state created impediments can result in a later start date, none of the impediments Petitioner could have caused the untimely filing.

First, he contends the state refused to correct the amended abstract of judgment. As pointed out by Respondent, the very premise of the claim is incorrect, as explained by the superior court:

> On March 29, 2019, the California Department of Corrections and Rehabilitation (CDCR) sent the Court a letter indicating that the determinate Abstract of Judgement needed a correction and on July 2, 2019, the trial court sent CDCR an amended abstract of judgment.
>
> [¶]
>
> [¶]
>
> Here, the petitioner claims that CDCR is refusing to accept the amended Abstract of Judgement. The petitioner is under the impression that this is his only Abstract of Judgement, and he is only supposed to be serving a 19-year determinate sentence. However, the petitioner's understanding is erroneous. The fact that the original abstract of judgement for the determinate term had to be corrected, does not mean that the trial court had to send another indeterminate Abstract of Judgement. The indeterminate Abstract of Judgment filed on April 24, 2018, is still valid. Consequently, the petitioner's total sentence between both determinate and indeterminate abstracts of judgement is 64 years to life.

(Doc. 14-10 at 2.)

In addition, Petitioner raises no sentencing issues. He claims that the second-degree murder conviction was not in the charging document and the jury was not instructed on all the elements of second-degree murder. Thus, the abstract of judgment could not have had any effect on Petitioner's pursuit of his claims as it had no relevance to his claims.

Second, Petitioner contends Respondent failed to timely serve the motion to dismiss on him. This occurred after the petition was filed and therefore could not have affected the filing of the petition.

Third, Petitioner contends he lost access to critical documents due to CDCR transfers and he did not receive Superior Court rulings or docket notices on time.  Federal habeas petitioners may be entitled to equitable tolling of the statute of limitations. Holland v. Florida, 560 U.S. 631, 645 (2010) (holding that "§ 2244(d) is subject to equitable tolling in appropriate cases"); Ford v. Gonzalez, 683

5

F.3d 1230, 1237 (9th Cir.), *cert. denied*, 133 S.Ct. 769 (2012).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Ford, 683 F.3d at 1237 (quoting Holland, 560 U.S. at 649) (internal quotation marks omitted).

As to Petitioner's claim that he lost access to critical documents during CDCR transfers, he makes no specific allegations or provides evidence in support of his claim. He does not state when the transfers occurred, how long he was without documents, why the specific documents were essential to his petition, or how the lack of access to those documents prevented him from timely filing his petition. A bare claim of lack of documents is insufficient to excuse delay. See Kellogs v. Strack, 269 F.3d 100, 103-04 (2d Cir.2001) (bare assertions by the petitioner that the conditions of his confinement prevented him from filing his motion earlier was insufficient to excuse the delay in that case); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003) ("The prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness.")  Petitioner also fails to show that he acted diligently by failing to state what attempts he made to obtain the documents.

Petitioner also fails to provide any specific allegations or evidence with respect to his claim that the superior court did not provide rulings or notices on time. While delayed notice can rise to an extraordinary circumstance, the petitioner must still establish the fact he received delayed notice, that he diligently attempted to ascertain the status of the state court's order, and that the delay prevented him from timely filing a federal petition. See Ramirez v. Yates, 571 F.3d 993, 997-1001 (9th Cir. 2009). He does not identify which rulings he did not receive on time, what steps he took to diligently obtain them, or how the delay caused his untimely federal filing.

Petitioner also fails to demonstrate he acted diligently throughout the limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 419 (2005); Smith v. Davis, 953 F.3d 582, 598-99 (9th Cir. 2020) (*en banc*). As noted by Respondent, Petitioner delayed thirteen months after the conviction became final before filing his first post-conviction challenge, and fourteen months while pursuing his state post-conviction challenges.

Petitioner fails to show an extraordinary circumstance stood in his way, and he fails to show he has been pursuing his rights diligently. He should not be granted equitable tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

D. Actual Innocence

Third, Petitioner claims actual innocence excuses his untimeliness. He contends that the Court issued the initial Findings and Recommendations without addressing actual innocence. However, Petitioner made no mention of actual innocence in his petition. The claim he now presents in the objections lacks merit.

The Supreme Court has held that actual innocence can constitute an equitable exception to AEDPA's statute of limitations, however, "tenable actual-innocence gateway pleas are rare . . . ." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); see also House v. Bell, 547 U.S. 518, 538 (2006) (emphasizing that the Schlup standard is "demanding" and seldom met).  The Supreme Court stated that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  Schlup v. Delo, 513, U.S. 298, 329 (1995).  "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  Id. at 324.

Petitioner fails to meet this high standard.  He provides no new evidence in support of his claims which alone is fatal to his claim. He also does not claim actual innocence of murder. He instead contends that the conviction was unauthorized because it was not alleged in the charging document, and the jury was not properly instructed on the elements of second-degree murder. These claims do not meet the Schlup standard.

## RECOMMENDATION

For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitations period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **January 20, 2026**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE