**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCUS ALLEN JESKE,<br><br>      Petitioner,<br><br>  v.<br><br>EDWARD BORLA,<br><br>      Respondent. | No.  1:25-cv-00994 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 24)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. 15), DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Marcus Allen Jeske is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 21, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant Respondent's motion to dismiss for violating the statute of limitations. (Doc. 24.)  The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 21 days. (Doc. 24.) The Court advised him that the "failure to file objections within the specified time may result in the waiver of rights on appeal."  (*Id*., citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  On January 29, 2026, Petitioner

was granted a 30-day extension of time to file objections. (Doc. 26.) On March 9, 2026, Petitioner filed a document entitled "Notice and Request for a Stay in Abeyance,"(Doc. 27), which the Court construes as his objections.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case.  Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Petitioner's Notice/Objections do revisit arguments raised before and correctly rejected by the magistrate judge.

In addition, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)     In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)     There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that

"reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court declines to issue a certificate of appealability.

Based upon the foregoing, the Court **ORDERS**:

1.    The Findings and Recommendations issued on January 21, 2026, (Doc. 24), are **ADOPTED** in full.

2.    Respondent's motion to dismiss (Doc. 15), is **GRANTED**.

3.    The petition for writ of habeas corpus is **DISMISSED** with prejudice.

4.    The Clerk of Court is directed to enter judgment and close the case.

5.    The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:    **March 17, 2026**

UNITED STATES DISTRICT JUDGE

3